# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN WALKER,**

    Petitioner,

v.                                    Case No. 14-C-645

**BRADLEY G. GEHRING,**
**Sheriff of Outagamie County,**

    Respondent.

# DECISION AND ORDER

Pro se Petitioner Benjamin Walker ("Walker"), who was being held at the Outagamie County Jail[1] due to pending state probation proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the proceedings were constitutionally infirm. As of the petition's filing date Walker had a undergone a preliminary examination of the probation revocation and was awaiting a final determination.

The case is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the

---

[1] In an effort to verify Walker's location at the jail, the Court has learned that Walker has been released but continues to be under supervision by a state probation officer.

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241. *See also* Civ. L.R. 9(a)(2) (E.D. Wis.)

Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-92 (1973); *Younger v. Harris,* 401 U.S. 37, 43 (1971); *Sweeney v. Bartow,* 612 F.3d 571, 573 (7th Cir. 2010). "Usually, these types of allegations belong in a petition for writ of habeas corpus under 28 U.S.C. § 2254, which covers persons 'in custody pursuant to the judgment of a State court' who are challenging the constitutionality of their incarceration." *Ezzell v. United States,* 13-CV-736-BBC, 2013 WL 6176335, at *1 (W.D. Wis. Nov. 25, 2013).

The general rule is that the detainee must proceed with his claims through the regular state proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after the completion of state probation revocation proceedings and the exhaustion of state remedies. Wisconsin law provides for review of parole and probation

revocation decisions "by certiorari directed to the court of conviction," and the review proceeds on an "arbitrary and capricious" standard. *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 550, 185 N.W.2d 306, 311 (Wis. 1971); *State ex rel. Reddin v. Galster,* 215 Wis. 2d 179, 183-84, 572 N.W.2d 505, 507 (Wis. Ct. App. 1997). *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999), states that to exhaust state court remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court. *See id.* Therefore, Walker's petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen,* 349 F.3d 1027, 1028 (7th Cir. 2003)) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cty., Ill.,* 569 F.3d 665, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Walker's petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust his state remedies;

The Court **DECLINES TO ISSUE** a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2014.

BY THE COURT:

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**